IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVANA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASON Y. CHEN, ET AL.,<br><br>　　　　Defendants. | No. C 17-05193 JSW<br><br>**ORDER DENYING MOTION FOR STAY PENDING APPEAL** |

Now before the Court is Appellant Travana, Inc.'s motion for a stay pending appeal of the Bankruptcy Court's July 21 and August 22, 2017 orders. Travana filed a notice of appeal from two orders of the Bankruptcy Court for the Northern District of California in case no. 17-30373. The Bankruptcy Court issued two orders granting the 2004 examination of Shi Lei and granting the scope of document production to be served upon Shi Lei in connection with the examination ("Orders"). The Orders were entered into in favor of Jason Chen, Yen Dong Ho, and Patriek Karayil, three of the petitioning creditors in the Debtor's involuntary bankruptcy proceedings.

The Bankruptcy Court has denied the stay application before it and Travana filed its notice of appeal of the Orders before this Court. Relevant here, the district court has jurisdiction to hear appeals from the bankruptcy courts only from final judgments, order, and decrees, or with leave of court from other interlocutory orders and decrees. 28 U.S.C. §§ 158(a)(1), (a)(3). Here, Travana seeks leave to appeal the Orders pursuant to 28 U.S.C. Section 158(a)(1). (*See* Docket No. 1-1, Notice of Appeal and Statement of Election.) In determining whether the Bankruptcy Court's Orders constitute final judgments for the purposes of Section 158(a)(1), the Court must address the

standard of finality. *See In re Rosen*, 560 B.R. 415, 419 (E.D. Pa. 2016). The "relaxed finality standard of bankruptcy proceedings applies when an order implicates considerations unique to bankruptcy proceedings, while 'orders that do not adjudicate specific adversary proceedings or require further factual development are governed by ordinary finality conceptions of routing litigation.'" *Id.* at 419-20 (citing *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008)). The district court next weighs the factors of determining the impact of the assets of the bankruptcy estate, the preclusive effect of the decision on the merits of the potential future litigation, the need for additional fact-finding on remand, and the interests of judicial economy in hearing the appeal. *See id.* at 420 (citations omitted). "Orders in bankruptcy cases may be appealed immediately 'if they finally dispose of concrete disputes within the larger case.'" *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016) (citing *Bullard v. Blue Hill Bank*, 135 S. Ct. 1686, 1692 (2015)).

The Court finds here, even assuming the flexible standard of finality applies, the factors weigh in favor of the determination that the Orders in this matter constitute non-final interlocutory orders. Accordingly, the Orders are not subject to stay pending appeal pursuant to Section 158(a)(1). Further, the Court, having considered an alternative basis for jurisdiction, declines to exercise its jurisdiction under Section 158(a)(3) subject to Federal Rule of Bankruptcy Procedure 8004(d) to hear this interlocutory appeal. The Court finds that the immediate appeal of the subpoena for documents and the examination of Shi Lei will not materially advance the termination of the litigation of the underlying matters or hasten to advance the termination of the underlying bankruptcy proceedings. Accordingly, the Court finds that it is not an exceptional circumstance warranting the exercise of discretionary jurisdiction over an interlocutory order. *See In re Rosen*, 560 B.R. at 421.

Accordingly, the Motion for Stay Pending Appeal of the Bankruptcy Court's Orders is DENIED. To the degree that the Notice of Appeal qualifies as a motion for leave to appeal the Orders, it is DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE